Bernard Rubin v. Commissioner.
Rubin v. Commissioner
Docket No. 5885.
United States Tax Court
1946 Tax Ct. Memo LEXIS 229; 5 T.C.M. (CCH) 216; T.C.M. (RIA) 46075; March 28, 1946
*229 Robert C. Lowenstein, Esq., 522 Fifth Ave., New York 18, N.Y. Ellyne E. Strickland, Esq., for the respondent. LEECH
Memorandum Opinion LEECH, Judge: This proceeding involves a deficiency in income tax for the calendar year 1941 in the amount of $5,550.57, only a part of which is in controversy. The contested issue is whether petitioner sustained a deductible loss on the sale of his shares of the capital stock of Tavannes of America, Inc., to that corporation in view of the provisions of section 24(b)(1)(B) of the Internal Revenue Code. [1] All the facts have been stipulated and are so found. Petitioner is an individual, having his place of business at 111 John Street, New York, New York. His income tax return for the period involved was filed with the collector of internal revenue for the second collection district of New York. On February 21, 1941, petitioner was the owner of certain shares of the capital stock of Tavannes of America, Inc., as follows: Owned
No. of
by
Class of
Shares Out-
Peti-
Stock
standing
tioner
Value
Common
75
$ 1,000.00
Preferred Class A
45
45
42,525.00
Preferred Class B
324 3/4
272
32,475.00
Total
$76,000.00
*230 Such shares had been acquired by petitioner between February 1935 and February 1937 at a total cost of $65,000. Under date of February 21, 1941, petitioner entered into a written agreement with Pauline H. Stern, Edward L. Stern and Tavannes of America, Inc., which provided for the sale to Tavannes of America, Inc., of all of his shares of the capital stock of that corporation. Pauline was a minority shareholder in that company. The purchase price of $33,044.13 was to be paid in monthly installments, without interest. The corporation had the privilege of paying the purchase *231 price in whole or in part at any time. The stock was placed in escrow to be delivered upon full payment. The final payment of the purchase price was made to petitioner in September 1942. No claim is made that the sale of petitioner's stock was made pursuant to a plan either to partially or completely liquidate the corporation. In his income tax return for 1941, petitioner claimed a deduction for a long-term capital loss of 50 per cent of the difference between his cost of $65,000 and the sales price of $33,044.13, or $15,977.93. The respondent disallowed the deduction. In W. A. Drake, Inc., 3 T.C. 33; affd., 145 Fed. (2d) 365, relied upon by the respondent, the construction of section 24 (b) (1) (B) of the Code was under review. We there held the language of the section was not ambiguous and that it prohibited a deduction of a loss resulting from a transaction between an individual and a corporation in which he owned more than 50 per centum in value of the outstanding stock. Petitioner argues that the facts in the instant case differ materially from the facts in *232 that case. While it is true the taxpayer in the Drake case, supra, was a corporation, and the evidentiary facts are somewhat at variance, nevertheless, we think, the rationale of the rule of that case is controlling here. The essential facts in the case at bar clearly demonstrate that petitioner, owning more than 50 per cent in value of the outstanding shares of the capital stock of Tavannes of America, Inc., sold such shares to that corporation at a loss. The applicable statute specifically prohibits any deduction for such a loss. Petitioner says we should regard substance rather than form and treat the transaction as a sale of his stock to a minority stockholder. To so hold would, in effect, be equivalent to writing a new contract between the parties. Since the transaction falls specifically within the purview of section 24 (b) (1) (B), I.R.C., the respondent's disallowance of the claimed deduction is sustained. This view renders it unnecessary to discuss respondent's alternative theory that the loss did not occur in the taxable year, but in 1942, when the last payment on the purchase price was made. Effect will be given to the stipulation respecting the allowance *233 of $5,200, representing traveling and entertainment expenses paid in the taxable year, in the computation under the Rule. Decision will be entered under Rule 50. Footnotes
1. SEC. 24. ITEMS NOT DEDUCTIBLE. * * * * *
(b) Losses from Sales or Exchanges of Property. - (1) Losses Disallowed. - In computing net income no deduction shall in any case be allowed in respect of losses from sales or exchanges of property, directly or indirectly - * * * * *
(B) Except in the case of distributions in liquidation, between an individual and a corporation more than 50 per centum in value of the outstanding stock of which is owned, directly or indirectly, by or for such individual;↩